## (April 21, 1959)

■ In the Matter of EMANUEL J. PAYTON, Appellant, against NEW YORK CITY TRANSIT AUTHORITY, Respondent.

Proceeding under article 78 of the Civil Practice Act (transferred to the Appellate Division of the Supreme Court in the First Judicial Department by an order of the Supreme Court at Special Term, entered in New York County) to review a determination of the New York City Transit Authority dismissing petitioner from his position as a patrolman in the Transit Police Department.

MEMORANDUM BY THE COURT. Apparently we are all agreed that there is sufficient and substantial evidence to sustain the determination of respondent as to petitioner's misconduct. From our examination of the whole record, we do not view petitioner's dismissal for misconduct as " so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364.)

STEVENS, J. (dissenting). In this article 78 proceeding, the petitioner seeks a review of a determination made by the respondent, dated February 5, 1958, whereby petitioner was dismissed from his position as a Patrolman in the Transit Police Department.

Petitioner and one Seale, also a transit patrolman, while off duty entered the basement of a building where each placed a policy bet in the sum of one dollar. The petitioner requested and received a receipt, after which both left the basement, returned to their car, waited until the policy operators emerged

from the basement and at the petitioner's suggestion followed them in the car to a nearby bar. Petitioner and Seale entered the bar from different doors, and petitioner attempted unsuccessfully to arrest one of the operators, displaying what might charitably be termed a lamentable lack of knowledge of the proper procedure.

This was followed by another incident involving the same persons, characterized on the petitioner's part by indecision, vacillation and ignorance. The episode culminated in the arrest of petitioner and Seale on charges of oppression, simple assault and omission to perform a lawful duty. Subsequently the charges were dismissed in Magistrate's Court. Seale was suspended for a period of two months as a result of charges growing out of the incidents.

Petitioner was suspended and charges of incompetence and misconduct containing 12 specifications were lodged against him.

After a hearing the charge of incompetence was rejected and the petitioner was found guilty of misconduct under specifications 1, 3, 4, 6, 7 and 12. The petitioner, who had no prior disciplinary record, was dismissed.

Section 1296 of the Civil Practice Act now permits this court to determine whether an administrative body has abused its discretion in imposing punishment. The test to be applied is whether " the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364; *Matter of McGinnis' Broadway Restaurant* v. *Rohan,* 6 A D 2d 115.)

While in this case there is sufficient evidence to sustain the determination of the respondent, I find upon reviewing the record that the dismissal of the petitioner was excessive punishment and disproportionate to the particular specified misconduct upon which his guilt was based.

Examination of the specifications of which he was found guilty reveals that in Specification 1 petitioner was charged with having played policy as set forth above not in the discharge of official duty and without permission of his commanding officer. Petitioner claimed to have played policy to obtain evidence, the receipt, upon which to make an arrest. If that were so permission would not have been required. The hearing officer found, however, that he played policy to win.

Specification 3 originally recited in some detail the events which occurred after the placing of the bet. This was amended upon the hearing, to what extent is not clear, and remains so vague and indefinite that it should be dismissed.

Specification 4 charged that the petitioner failed to retain the receipt for the policy play, although the receipt was in petitioner's opinion some evidence of the commission of a crime. There was no charge or proof of willful destruction or negligence on the part of the petitioner and the circumstances surrounding petitioner's arrest might well have accounted for the absence of the receipt without fault on the part of the petitioner.

Specification 6 charged petitioner falsely reported to his supervisors that he entered the basement after a consultation with Seale in which it was agreed they would enter to make an arrest if possible. Seale, who testified, was not questioned about this though one of petitioner's supervisors testified that he heard Seale deny this when Seale was interrogated.

Specification 7 charged that petitioner falsely reported that he and Seale entered the bar together when, in fact, petitioner entered first and then summoned Seale. The testimony of the policy operator and the bartender supported petitioner's version, though Seale testified otherwise. Its materiality, if any, is not readily apparent.

Specification 12 charged that petitioner did not obtain from any superior officer an explanation of his duties in any of the above circumstances as required by reason of his doubts.

The petitioner's version of the purpose for which he entered the basement, in light of the request for and obtaining of a receipt for the play made by him, is not so patently incredible as to warrant rejection. But even if that be so, absent a willful destruction or negligence in the retention of the receipt, and even though there was a failure to communicate with his superior, discharge would seem too harsh a punishment.

Specification 4, by its recognition that in petitioner's mind the receipt was some evidence of the commission of crime, would seem in a measure to support his assertion that he sought evidence upon which to base an arrest. Otherwise he would have considered it merely insurance for future possible collection in the event "fortune" smiled upon him.

While I am of the opinion that Specification 3 is too vague and Specification 7 of no materiality, and would be inclined to modify so as to sustain Specifications 1, 4, 6 and 12 only, yet if we accept the findings of the Hearing Commissioner under Specifications 1, 3, 4, 6, 7 and 12, I am of the opinion that the punishment imposed was harsh, unduly severe and excessive. Accordingly, I dissent and vote to remit the matter to the Authority for reconsideration of punishment on the ground that such punishment is excessive.

Rabin, Valente and McNally, JJ., concur in Memorandum by the Court; Stevens, J., dissents in opinion; Botein, P. J., dissents and votes to modify the determination to the extent of remitting the proceeding to the Authority for a reconsideration of the order of dismissal on the ground that under the circumstances of the case the punishment imposed appears to be excessive (Civ. Prac. Act, § 1296, subd. 5-a).

Determination confirmed in all respects, without costs.