■ In the Matter of JAMES L. DILLARD, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review a determination by respondent, made on April 17, 1968 after a hearing, which dismissed appellant from his position of Transit Patrolman in respondent's employ, the appeal is from a judgment of the Supreme Court, Kings County, entered November 7, 1969, which denied the application and dismissed the proceeding. Judgment reversed, on the law, without costs; and matter remitted to respondent for further proceedings not inconsistent herewith. In its present state the record is insufficient to permit a determination of the question presented. There is no evidence as to whether the "restricted duties" to which petitioner was assigned have

customarily been performed by those within the title classification of Transit Patrolman or whether they are, in fact, extraordinary duties. Nor does it appear when the "established" departmental policy under which petitioner was removed in favor of a civilian worker was established. Nor does it appear whether this policy has ever been applied to anyone other than petitioner. Although the Authority may have the right to establish such a policy, it is self-evident that it may not apply such policy in an arbitrary or haphazard fashion solely to pick and choose favored employees who shall remain on restricted duty while under disability. Nor does it appear whether or not petitioner's disability was a "service-connected" disability, in which case, by respondent's own admission, petitioner would have been entitled to retention for the period of his disability in accordance with departmental policy. Accordingly, the matter should be remitted to respondent (CPLR 7804, subd. [g]). Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.