■ In the Matter of RICHARD ESPOSITO, Petitioner, v BOARD OF EDUCATION OF THE HUNTINGTON UNION FREE SCHOOL DISTRICT, TOWN OF HUNTINGTON, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated September 3, 1974, which, after a hearing, found petitioner guilty of certain charges and terminated his employment. Determination confirmed and proceeding dismissed on the merits, without costs. We find that the determination of petitioner's guilt was based upon substantial evidence and that the punishment imposed was not excessive. Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur; Margett, J., concurs as to the confirmation of the finding of guilt, but otherwise dissents and votes to reduce the punishment, with the following memorandum: I agree with the majority that the determination of petitioner's guilt was based upon substantial evidence. However, in my opinion, the punishment imposed was " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (see *Matter of McDermott v Murphy,* 15 AD2d 479; *Matter of Payton v New York City Tr. Auth.,* 8 AD2d 602, affd 8 NY2d 737; *Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364). After the respondent had filed three charges against petitioner, the three-member panel unanimously dismissed the charge of immoral character, and, by a vote of 2 to 1, recommended a guilty finding as to the remaining charges. It is important to note that a majority of the panel did not recommend a termination of petitioner's employment; the panel member of the two who voted for a guilty finding joining the panel member who recommended dismissal of all the charges in not recommending termination. The respondent board of education sustained the remaining charges, but overruled the hearing panel as to the issue of punishment, and terminated petitioner's employment. Under all the circumstances, and especially in view of petitioner's 13-year unblemished record of excellence as a teacher and supervisor, the penalty imposed by the respondent was unduly harsh. Accordingly, and in view of the fact that the record is sufficient to permit it, I recommend that a letter of reprimand be filed against petitioner, with a copy thereof placed in his personal file (see *Matter of Pell v Board of Educ. of Union Free School Dist.*

*No. 1 of Towns of Mamaroneck & Scarsdale,* 34 NY2d 222; cf. *Matter of Dillard v New York City Tr. Auth.,* 34 AD2d 995).