■ In the Matter of PAUL V. ANSBRO, Petitioner, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents.— Determination of respondent-respondent Police Commissioner of the City of New York, dated April 8, 1978, unanimously modified, on the law, to the extent of vacatur of the penalty of dismissal of petitioner-appellant from the Police Department of the City of New York, and the matter remanded for further proceedings not inconsistent herewith, and otherwise confirmed, without costs and without disbursements. Petitioner-appellant, a lieutenant of police with an unblemished record, with many departmental commendations, in performance of police duty for 23 years, and which culminated in a superb job evaluation, filed for retirement. Three days later formal charges against him alleged falsification of overtime hours in the preceding two years, with the obvious object of increasing the base for his pension. Found guilty of an improper claim for three hours of overtime, he was fined eight days' pay. Meanwhile, on the filing of the charges, he had, upon request of the police department, withdrawn his retirement application. About two months after that disposition (not involved in this appeal), he filed again for retirement. New charges for later periods were brought forthwith, and

hearings commenced thereon, proceeding at such a pace, with such lengthy sessions, and under such time pressure as to bring into question whether petitioner was afforded due process or the effective assistance of counsel. Further, a standard was applied to the effect that overtime was never justified for administrative purposes, a basis for much of petitioner's claims inasmuch as he was commanding officer of a detective unit. In any event, petitioner's records were not exactly a model of precision, and he is not to be excused by the implication that he was not alone in making such claims to bolster a pension. But certainly the claim that he had embarked upon a deliberate scheme to cheat respondent-respondent police department was not established at the hearing. What was actually established appears to have been, in the main, exaggeration of actual overtime situations. Be all of that as it may, the penalty of dismissal with consequent deprivation of pension rights is, in our view, "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." *(Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364; see, also, *Matter of McDermott v Murphy,* 15 AD2d 479, affd 12 NY2d 780; *Matter of Payton v New York City Tr. Auth.,* 8 AD2d 602, affd 8 NY2d 737; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; CPLR 7803, subd 3.) "There is no doubt that the reason for the enactment of the statute (CPLR 7803) was to make it possible, where warranted, to ameliorate harsh impositions of sanctions by administrative agencies. That purpose should be fulfilled by the courts not only as a matter of legislative intention, but also in order to accomplish what a sense of justice would dictate." *(Matter of Pell, supra,* p 235.) We therefore remand for the purpose of fixing a penalty more appropriate to the circumstances and designed "to accomplish what a sense of justice would dictate." On remand, respondent commissioner shall cause to be calculated and stricken from petitioner's financial record those accretions of overtime pay which formed the basis for the findings of guilt under the last set of charges here reviewed, to the end that petitioner may be deprived of the benefit thereof for pension purposes. It would, of course, be a condition of imposition of the sanction we direct in substitution for dismissal that petitioner execute his written consent thereto. Concur—Kupferman, J. P., Evans, Fein, Markewich and Bloom, JJ.